IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

SEAN JEREMY KRESSE, #1581924     §

VS.     §     CIVIL ACTION NO. 4:13cv371

DIRECTOR, TDCJ-CID     §

## MEMORANDUM OPINION AND
## ORDER OF DISMISSAL

Petitioner Sean Jeremy Kresse, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Court finds that the petition is not well-taken and that it will be denied.

## Procedural History of the Case

The Petitioner is challenging his Denton County conviction for the offense of Murder. On May 12, 2009, the Petitioner pled guilty to murder and requested that a jury assess punishment. On May 14, 2009, the jury assessed punishment at fifty years of confinement in the Texas prison system. The Second Court of Appeals found that the jury charge included an improper instruction, reversed the trial court's judgment and remanded the case for a new trial on punishment. *Kresse v. State*, No. 2-09-271-CR, 2010 WL 163383 (Tex. App. - Ft. Worth April 22, 2010, no pet.).

On December 9, 2010, a second jury assessed punishment at 99 years of imprisonment in the Texas prison system. The conviction was affirmed by the Second Court of Appeals. *Kresse v. State*, No. 02-11-00006-CR, 2012 WL 579446 (Tex. App. - Ft. Worth Feb. 23, 2012, pet. ref'd). The Texas Court of Criminal Appeals refused the Petitioner's petition for discretionary review on July 25, 2012.

The Petitioner filed an application for a writ of habeas corpus in state court on April 15, 2013. The trial court issued findings of fact and conclusions of law on April 24, 2013. On June 12, 2013, the Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing.

1

The present petition was filed on July 2, 2013. The Petitioner brings one ground for relief. He argues that the trial court erred in failing to charge the jury on sudden passion. The Director filed an answer (docket entry #10) on October 23, 2013. The Petitioner did not file a response.

<u>Standard of Review</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 1067 (1984).

The prospect of federal courts granting habeas corpus relief to state prisoners was severely limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

<u>Discussion and Analysis</u>

The sole ground for relief raised by the Petitioner is that the trial court erred in failing to charge the jury on sudden passion. During the punishment phase of a trial, a defendant may raise the issue as to whether he caused the death under the "immediate influence of sudden passion arising from an adequate cause." Tex. Penal Code Ann. § 19.02(d) (West 2011). "An instruction on sudden passion is proper only when the sudden passion was directly caused by and arose out of provocation by the deceased at the time of the offense." *McKinney v. State*, 179 S.W.3d 565, 570 (Tex. Crim. App. 2005). A jury should receive a sudden passion instruction if it is raised by the evidence, even if that evidence is weak, impeached, contradicted, or unbelievable, but the evidence cannot be so weak, contested, or incredible that it could not support such a finding by a rational jury. *Id.* at 569 (citation omitted). A sudden passion instruction is significant because if a defendant proves the issue by a preponderance of the evidence then the offense is a felony in the second degree, as opposed to a felony in the first degree. Tex. Penal Code Ann. § 19.02(d). In the present case, the Second Court of Appeals found that the Petitioner was not entitled to a jury charge on sudden passion in light of the evidence. *Kresse v. State*, 2012 WL 579446, at *6. In the state habeas corpus proceedings, the state court found that the issue was raised and rejected on direct appeal.

As was previously noted, a person seeking federal habeas corpus review must show a violation of a federal constitutional right. *Lowery*, 988 F.2d at 1367. In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood*, 503 F.3d at 414. "In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). The Fifth Circuit has specifically applied this rule in a habeas case involving the failure to give an instruction on sudden passion. *Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) (unpublished). The ground for relief does not provide a basis for federal habeas corpus relief; thus, the petition should be denied.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus the Court finds that the Petitioner is not entitled to a certificate of appealability as to his claims. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

4

**ORDERED** that a certificate of appealability is **DENIED**.  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 19th day of January, 2015.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE